**Gaynor CARLOCK, Plaintiff–Appellant,**

v.

**COLLINS MOTOR CO.; et al.,
Defendants–Appellees.**

No. 05–56623.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

Roy L. Landers, San Diego, CA, for Plaintiff–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Donald Detishch, Law Office of Don Detisch, San Diego, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Gaynor Carlock appeals from the district court's order awarding attorney's fees to Collins Motor Company following the dismissal of Carlock's Americans with Disabilities Act action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's attorney's fees order for an abuse of discretion, *Thomas v. City of Tacoma,* 410 F.3d 644, 647 (9th Cir. 2005), and we affirm.

We lack jurisdiction to review the underlying orders dismissing Carlock's action as moot and declaring him a vexatious litigant because the notice of appeal was filed more than 30 days after the orders were entered, and Carlock did not file a tolling motion. *See* Fed. R.App. P. 4(a)(1)(A); Fed. R.App. P. 4(a)(4)(A)(iii); *Int'l Ass'n of Bridge, Structural, Ornamental, & Reinforcing Ironworkers' Local Union 75 v. Madison Indus., Inc.,* 733 F.2d 656, 659 (9th Cir.1984) ("We adopt the rule that all attorney's fees requests are collateral to the main action. Thus, a judgment on the merits is final and appealable even though a request for attorney's fees is unresolved.").

The district court did not abuse its discretion in awarding attorney's fees to Col-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

lins Motor based on the findings of bad faith set forth in the vexatious litigant order. *See Fink v. Gomez,* 239 F.3d 989, 991–93 (9th Cir.2001) (setting forth sources of authority and standards for sanctioning improper conduct).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.